IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE RAY HUBBERT,  :
:
    Petitioner  :
:  CIVIL NO. 4:CV-09-0243
:
v.  :  (Judge McClure)
:
WARDEN DAVE EBBERT,  :
:
    Respondents  :

## **MEMORANDUM**

June 10, 2009

Petitioner Willie Ray Hubbert ("Petitioner" or "Hubbert"), an inmate presently confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus.

Hubbert contends that the Bureau of Prisons ("BOP") erred in calculating his sentence. Specifically, he claims that, because the circumstances of his May 23, 2004 arrest on state charges resulted in his conviction of the federal offense of felon in possession of a firearm and the revocation of his state parole, the time he spent in state custody serving his parole revocation term should be credited toward the federal sentence that he currently is serving even though the time already was credited toward

his state parole revocation term. The petition has been briefed and is ripe for disposition. For the reasons set forth below, the petition will be denied.

**BACKGROUND**

The following background is adapted from the Declaration of Forest B. Kelly, Correspondence Specialist at the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, in which he certifies that Hubbert's federal sentence has been computed in accordance with 18 U.S.C. §§ 3584 and 3585 and BOP Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984). (*See* Record document no. 5-2 at 3, Declaration of Forest B. Kelly.)

On May 23, 2004, while he was on state parole supervision in Wisconsin, Hubbert was arrested by local authorities in Milwaukee, Wisconsin, for state offenses. (*Id.* at 4 ¶ 5.) The circumstances of this arrest resulted in Hubbert being charged with the federal offense of felon in possession of a firearm. (*Id.*)

On August 4, 2004, while Hubbert was in the custody of the State of Wisconsin, he temporarily was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. (*Id.* ¶ 6.) Hubbert was taken into custody by the United States Marshals Service ("USMS") and produced in federal court to answer federal charges for the offense of felon in possession of a firearm. (*Id.*) He then was returned to the custody of Wisconsin authorities. (*Id.*) On October 12, 2004, Hubbert again was

2

taken into temporary federal custody by the USMS pursuant to a federal writ and produced in federal court. (*Id.*)

On November 4, 2004, the State of Wisconsin issued an order revoking Hubbert's state parole and returned him to the custody of the Wisconsin Department of Corrections to serve a one year, four month, and ninety-two day period of re-incarceration. (*Id.* at 5 ¶ 7.) The State of Wisconsin provided Hubbert with credit from January 7, 2004 to January 23, 2004, and from May 23, 2004 to his return to the state correctional facility. (*Id.*)

On February 28, 2005, Hubbert was sentenced by the United States District Court for the Eastern District of Wisconsin to a ninety-two (92) month term of imprisonment for the offense of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.* ¶ 8.) The Judgment did not state that this sentence was to be served concurrently with Hubbert's state parole revocation term. (*Id.*; Record document no. 5-2 at 18-23, Judgment in a Criminal Case.)

On March 1, 2005, Hubbert was returned to the custody of Wisconsin authorities to continue serving his one year, four month, and ninety-two day period of re-incarceration. (Record document no. 5-2 at 5 ¶ 8.) On September 26, 2005, Hubbert satisfied his Wisconsin parole revocation term. (*Id.* ¶ 9.) On September 27, 2005, Hubbert was turned over to the physical custody of federal authorities to begin

serving his ninety-two (92) month federal sentence. (*Id.*)

When computing Hubbert's parole revocation term, the State of Wisconsin provided him with credit for all of the time he spent in the primary custody of state authorities from May 23, 2004 to September 26, 2005. (*Id.* at 6 ¶ 10.) Accordingly, the BOP set the commencement of Hubbert's ninety-two (92) month federal sentence on September 26, 2005 with no credit for time spent in the custody of Wisconsin authorities. (*Id.*) Hubbert's projected release date is July 16, 2012 via good conduct time release. (*Id.*)

**DISCUSSION**

The Attorney General has delegated the authority to the Director of the BOP to compute federal sentences for offenses committed on or after November 1, 1987. *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence.

**I.      Commencement of Sentence**

Section 3585(a) provides as follows:

**(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in

4

> custody awaiting transportation to, or arrives voluntarily to commence
> service of sentence at, the official detention facility at which the sentence
> is to be served.

18 U.S.C. § 3585(a).

A federal sentence cannot commence prior to the date it is imposed. 18 U.S.C. § 3585(a); *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998). Further, a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus *ad prosequendum. Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996). Time spent in custody of the United States Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum* from state custody is not federal custody in connection with the federal offense. *See Chambers*, 920 F. Supp. at 622; *see also Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992); BOP Program Statement 5880.28, *Sentence Computation Manual*, Ch. I. p. 20B. Rather, the jurisdiction which first arrested the offender has primary jurisdiction over him until it relinquishes jurisdiction, by, for example, bail release, dismissal of the state charges, parole release, or, as in this case, expiration of the state sentence. *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

Hubbert disputes that he remained in the primary custody of state officials after he was charged with the federal offense of felon in possession of a firearm. (*See*

Record document no. 8, Petitioner's reply, ¶¶ 2, 8.) He argues that, even while he was serving his Wisconsin parole revocation term, he actually was in the primary custody of federal officials because his parole would not have been revoked but for the underlying federal offense. (*See id.* ¶¶ 14-17.)

However, the BOP properly determined that Hubbert's federal sentence began on September 26, 2005, the date that he satisfied his Wisconsin parole revocation term. His federal sentence did not commence on July 23, 2004, the date a federal detainer was issued, because a federal sentence cannot commence before it is imposed. *See* 18 U.S.C. § 3585(a); *Labeille-Soto*, 164 F.3d at 98. His federal sentence also did not commence on August 4, 2004 or October 12, 2004, the dates he was "borrowed" from state custody pursuant to writs of habeas corpus *ad prosequendum*. *See Ruggiano*, 307 F.3d at 126; *Chambers*, 920 F. Supp. at 622. Moreover, contrary to Hubbert's contention in his reply that his federal sentence commenced on the date it was imposed, February 28, 2005, his sentence could not commence on that date. (*See* Record document no. 8 ¶ 17.) At the time his federal sentence was imposed, even though Hubbert was in temporary federal custody in order to be sentenced in federal court, he remained in the primary custody of state authorities because he still was serving his Wisconsin parole revocation term. *See id.*; *see also Thomas,* 962 F.2d at 361 n.3; BOP Program Statement 5880.28, *Sentence Computation Manual*, Ch. I, p.

20B.

Furthermore, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Here, the Judgment in a Criminal Case issued by the United States District Court for the Eastern District of Wisconsin did not state that Hubbert's federal sentence was to be served concurrently with his state parole revocation term. (*See* Record document no. 5-2 at 18-23.) Therefore, the BOP properly set the commencement of Hubbert's federal sentence consecutive to his state term.

## II. Credit for Prior Custody

The second factor in the computation of a federal sentence is the extent to which credit may be awarded for time an inmate spent in custody prior to the commencement of his federal sentence. Section 3585(b) provides as follows:

**(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added.)

7

The last clause of section 3585 provides that time spent in custody cannot be credited toward a federal sentence if it already was credited toward a non-federal sentence. 18 U.S.C. § 3585(b); *see also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Hubbert contends that he should be awarded a credit toward his federal sentence from July 23, 2004, the date on which a federal detainer was issued against him, until September 25, 2005, the date that he satisfied his Wisconsin parole revocation term. (*See* Record document no. 1 at 7 § I.) However, the State of Wisconsin provided Hubbert with credit for all of the time he spent in the primary custody of state authorities from May 23, 2004 through September 26, 2005. (*See* Record document no. 5-2 at 25, Wisconsin DOC-323 Escapee/Violator Form.) Therefore, he cannot receive a double credit toward his federal sentence for the time that already was credited toward his state sentence.

**CONCLUSION**

For the foregoing reasons, the BOP properly set the commencement of Hubbert's federal sentence on September 26, 2005, the date that he satisfied his Wisconsin parole revocation term, and properly did not award him credit against his federal sentence for time that already was credited toward his state sentence. Accordingly, the petition for writ of habeas corpus will be denied. An appropriate

Order will enter.

                                          s/ James F. McClure, Jr.
                                         JAMES F. McCLURE, JR.
                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE RAY HUBBERT, :
:
    Petitioner :
: CIVIL NO. 4:CV-09-0243
:
v. : (Judge McClure)
:
WARDEN DAVE EBBERT, :
:
    Respondents :

## **ORDER**

June 10, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Record document no. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.

                                        s/ James F. McClure, Jr.
                                        JAMES F. McCLURE, JR.
                                        United States District Judge